IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DENICE SHAFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-202 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Denice Shaffer ("Plaintiff") appeals the decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

I.  **BACKGROUND**

Plaintiff applied for SSI on October 14, 2010, initially alleging a disability onset date of September 1, 2008, and, later, October 14, 2010. Tr. ("R."), pp. 31, 205-210. The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R.

62-71, 76-89. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 90-92, and the ALJ held a hearing on June 19, 2012, R. at 28-61. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Mary Cornelius, a Vocational Expert ("VE"). Id. On July 10, 2012, the ALJ issued an unfavorable decision. R. at 10-23.

Applying the five-step sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since October 14, 2010, the application date (20 C.F.R. § 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease of the cervical spine, diabetes mellitus, and hypertension (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b),[1] except the claimant can frequently climb ramps and stairs; and she can occasionally climb ladders, ropes, and scaffolds. Further, the claimant can frequently balance, stoop, kneel, crouch, and crawl. In addition,

---

[1] "Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

2

> the claimant can occasionally reach overhead with the bilateral extremities. Furthermore, the claimant must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards. The claimant is capable of performing past relevant work as a Store Cashier. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. § 416.965).[2]
>
> 5. In the alternative, based on the testimony of the VE, considering the claimant's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that the claimant can also perform, such as office helper, lobby attendant, mail sorter, information clerk, callout operator, and charge account clerk. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since October 14, 2010, the date the application was filed, through July 10, 2012, the date of the ALJ's decision (20 C.F.R. § 416.920(f)).

R. 15-23.

When the Appeals Council denied Plaintiff's request for review, R. 1-4, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) failed to consider Plaintiff's testimony regarding the side effects of her medication in evaluating Plaintiff's credibility; (2) mischaracterized Plaintiff's activities of daily living to discredit her allegations of disabling limitations; (3) failed to discuss the opinions of Dr. Robert Brand; (4) failed to consider the vocational evaluation by Easter Seals; and (5) failed to give controlling weight to Dr. Robert Franklin's December 2010

---

[2]Because the ALJ determined Plaintiff could perform her past relevant work, the sequential evaluation process could have stopped, and the ALJ could have concluded at that point Plaintiff was not under a disability, as defined in the Social Security Act. See 20 C.F.R. § 416.920(a)(4)(iv).

3

Medical Source Statement. (See doc. no. 10 ("Pl's Br."), pp. 9-17.)

The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See doc. no. 11 ("Comm'r's Br.").)

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at

1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

This case must be remanded because the ALJ's analysis of Dr. Franklin's December 2010 Medical Source Statement is not supported by substantial evidence.

#### A. Weight of Opinion by Treating Physicians.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify

what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (ruling that the ALJ must accord substantial or considerable weight to the opinion of a treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (same).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities). Furthermore, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. § 416.927(d).

Although a treating physician's opinion must generally be given substantial weight, the same is not true of a consultative physician. As a general rule, the opinion of a one-time examiner is not entitled to great weight and may be discredited by other evidence in the record.

Crawford, 363 F.3d at 1160-61.  In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists.  See 20 C.F.R. § 416.927(c)(1)-(2), (5).

### B. The ALJ's Reasons for Rejecting Dr. Franklin's December 2010 Medical Source Statement Are Not Supported by Substantial Evidence.

Plaintiff asserts the ALJ improperly discredited treating physician Dr. Franklin's December 2010 Medical Source Statement by mischaracterizing Plaintiff's testimony about activities of daily living.  Pl's Br., p. 15-17.  On December 6, 2010, Dr. Franklin completed a Medical Source Statement, in which he noted that Plaintiff had been diagnosed with cervical pain, hypertension, and diabetes, but her prognosis was fair.  R. 462-65.  He noted that she had limited range of motion in her neck and weakness 2/5 of left deltoid and left hand grasping.  Id.  In terms of sitting, standing, and walking, Dr. Franklin opined that Plaintiff could:  (1) not walk any city blocks because of chronic pain; (2) sit, stand, and walk less than two hours in an eight hour day; and (3) sit and stand up to thirty minutes at a time.  Id.  Therefore, Dr. Franklin stated that Plaintiff needs a job to accommodate:  (1) shifting positions at will from sitting, standing, and walking; (2) walking every thirty minutes, for ten minutes each time; and (3) a ten minute break an hour due to pain, paresthesias, and numbness.  Id.  Dr. Franklin also opined that Plaintiff could:  (1) rarely lift or carry less than ten pounds; (2) never lift more than ten pounds; (3)rarely stoop and bend; and (4) never crouch, climb stairs, and climb ladders.  Id.  Plaintiff also could only use her

7

left hand, fingers, and arm for grasping, reaching and fine manipulations ten percent of the day.  Id.  Moreover, Plaintiff's symptoms and impairments would be severe enough to:  (1) interfere with attention and concentration needed to perform even simple work tasks twenty-five percent or more of the day; (2) likely produce "good days" and "bad days;" and (3) cause her to miss more than four days of work per month.  Id.

The ALJ assigned these opinions "partial weight" because they were "inconsistent with the record showing [Plaintiff] is able to perform extensive chores and activities of daily living."  R. 20.  The only direct inconsistency the ALJ noted was between (1) Dr. Franklin's opinion that Plaintiff "would likely be off task 25 percent of a typical workday, enough to interfere with concentration and attention needed to perform even simple work tasks;" and (2) Plaintiff's "testimony that she plays on the computer, she reads books, and she watches television."  Id.

At the hearing, Plaintiff testified that her neck pain is usually close to a level eight or nine before she takes her medication and that it decreases to a level three.  R. 41.  However, Plaintiff testified that she still must lie down with a heating pad on her neck for five to six hours per day to relieve the pain.  R. 41-42, 54.  Plaintiff further testified that she takes Percocet every six hours and Soma every eight hours and that "they make me very sleepy, very sleepy."  Id.

In response to the ALJ's questioning about her daily activities, Plaintiff testified that on Monday through Friday she wakes up at 5:15 a.m., takes her insulin, makes coffee, and prepares breakfast for her and her husband.  R. 48-49.  After her husband eats

8

breakfast, she lies down until he goes to work, plays on the computer for about an hour, and then lies down with her heating pad on her neck for forty-five minutes to an hour. R. 49. Later in the morning she will "get back up and play on the computer a little bit more" and then lie down and watch television. Id. After lunch, she lies down again on the bed with a heating pad until her husband comes home at 5:30 p.m., when she fixes dinner. R. 49-50.

Plaintiff testified that she is able to do some housework, such as laundry on Saturday, sweeping, mopping, and taking out the trash, but unable to do other tasks, such as yard work, vacuuming, grocery shopping, ironing clothes, and sewing. R. 50-52. However, even when she performs housework, she can only do "a little bit and then I have to lay [sic] down with the heating pad." R. 50-55. For example, Plaintiff testified "I can clean the bathroom which took me all day to do. I would clean a little bit and have to lay [sic] down with my heating pad for a while . . . . I would clean for maybe 30 minutes, well 20. And then I have to lay [sic] down for about an hour." Id. Plaintiff testified this is the pattern she must follow with all the cleaning activities she does. Id.

When the ALJ asked about leisure activities, Plaintiff testified she reads and plays on the computer a couple of times per day, but does not go to the movies, fish, hunt, garden, attend church anymore, participate in any clubs, or paint, and cannot crochet anymore because of neck pain. R. 51-52.

Here, the ALJ did not establish good cause to give Dr. Franklin's opinions only partial weight. First, the ALJ failed to adequately explain how Plaintiff's daily activities were inconsistent with Dr. Franklin's opinions. The ALJ simply concluded that Plaintiff was "able

9

to perform extensive chores and activities of daily living." R. 20. However, under Eleventh Circuit law, "participation in everyday activities of short duration, such as housework or fishing," does not disqualify a claimant from disability. Lewis, 125 F.3d at 1441; see also Holman v. Barnhart, 313 F. Supp. 2d 1265, 1270 (N.D. Ala. 2004) ("[A]n applicant need not be completely bedridden or unable to perform any household chores to be considered disabled.") (internal quotation marks and citation omitted). Nor did the ALJ adequately explain how playing on the computer, reading, and watching television are activities inconsistent with Dr. Franklin's various opinions about Plaintiff's ability to perform in a work setting. See, e.g., Holman v. Barnhart, 313 F. Supp. 2d 1265, 1270 (N.D. Ala. 2004) ("The court takes judicial notice of the fact that merely watching television for two hours at a time does not indicate an ability to perform in a work setting. Anyone visiting a nursing home filled with dementia patients will see many, if not most, with their eyes fixed on a television screen."); Bennett v. Barnhart, 288 F. Supp. 2d 1246, 1252 (N.D. Ala. 2003) ("It is the ability to engage in gainful employment that is the key, not whether a plaintiff can perform minor household chores or drive short distances.")

Second, Plaintiff's testimony about her activities of daily living is not inconsistent with Dr. Franklin's opinion about how her symptoms and pain would lead her to be off task twenty-five percent of a typical work day. While Plaintiff did testify that she is able to play on the computer, read, and watch television, the ALJ never addressed Plaintiff's testimony that these activities are severely limited by her need to lie down with a heating pad on her neck "five or six hours a day." R. 41-42. Indeed, Plaintiff states that she can use the

10

computer for an hour, but her neck pain causes her to lie down with a heating pad for forty-five minutes to an hour immediately after. Id. at 49. Therefore, because Plaintiff's testimony is not inconsistent with Dr. Franklin's opinions, it does not provide a sufficient basis to reject Dr. Franklin's opinions. Lewis, 125 F.3d at 1441. Because the ALJ's evaluation of Dr. Franklin's December 2006 opinions is not supported by substantial evidence, remand is warranted.

The Court need not reach Plaintiff's remaining contentions. Of course, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluating process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 10th day of December, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA